EXHIBIT A

**LAW OFFICES OF JONATHAN WHEELER, P.C.**
BY: Anthony DiUlio (#018072012)                                    Attorney for Plaintiff
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA  19103
Phone: 856-874-1447
E-mail: adiulio@jwheelerlaw.com

MAY 3 0 2017

---

BRENDA YANNI                                SUPERIOR COURT OF NEW JERSEY
9 Banker Road                               LAW DIVISION
Hewitt, New Jersey 07421-3829
                                            CAMDEN COUNTY
          vs.
                                            DOCKET NO.: L - 2185-17
FIDELITY AND GUARANTY
INSURANCE UNDERWRITERS, INC.                **CIVIL ACTION COMPLAINT,**
P.O. Box  59059                             **DESIGNATION OF TRIAL COUNSEL**
Knoxville, TN 37950-9059                    **AND JURY DEMAND**

Plaintiff, Brenda Yanni, residing at 9 Banker Road, Hewitt, New Jersey, by way of Complaint

against the Defendant, Fidelity and Guaranty Insurance Underwriters, Inc., says:

## FIRST COUNT

1.      At all times referred to herein, Defendant, Fidelity and Guaranty Insurance

Underwriters, Inc., is a business duly organized and existing which is licensed to issue policies of

insurance in the State of New Jersey and maintains a place of business located at P.O. Box 59059.

.     2.      Defendant, in its regular course of business issued to Plaintiff a policy of insurance

covering Plaintiff's premises located at 9 Banker Road, Hewitt, New Jersey. A true and correct copy

of the declarations page of said policy of insurance is attached hereto as Exhibit "A".

3.      On or about April 1, 2015, while said policy of insurance was in full force and effect,

Plaintiff suffered direct physical loss to the insured premises.

4.      Notice of this covered loss was given to Defendant in a prompt and timely manner

and Plaintiff has done and otherwise performed all things required of Plaintiff under the policy of

insurance issued by Defendant.

5. Defendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiff those benefits due and owing under said policy of insurance, most recently as of a denial letter of July 7, 2015.

6. Defendant has breached its contractual obligations to pay benefits to Plaintiff for a loss covered under Defendant's policy of insurance.

7. Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the aforesaid policy of insurance, Plaintiff has suffered loss and damage to her property, forcing her to incur the expense to repair and replace the damaged property.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees, costs of suit, and such other relief as the Court may deem equitable and just.

## SECOND COUNT

1. Plaintiffs repeat and re-allege each and every allegation of the First Count as if stated herein at length.

2. The above named breach of contract is a result of Defendant's reckless disregard for the rights of Plaintiff and breach of its duty of good faith and fair dealing to the Plaintiff in processing her homeowner claim.

3. As a result of Defendant's bad faith misconduct, Plaintiff has incurred losses and expenses, including but not limited to any and all expenses incurred by the Plaintiff as a result of filing this litigation, including attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant for punitive damages plus all damages stemming from Defendant's negligence; for cost and interest of suit; for attorney's fees; and for such other relief as the Court may deem equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Anthony DiUlio, Esquire and Courtney Rodgers, Esquire, are hereby designated as trial counsel in the above captioned litigation on behalf of the firm of Law Offices of Jonathan Wheeler, P.C.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demand a trial by jury on all the issues so triable herein.

## CERTIFICATION PURSUANT TO RULE 4:51

The matter in controversy is not the subject of any other action pending in any other Court. There are no pending arbitration proceedings. No other action or arbitration proceedings are contemplated. No non-party is known who would be subject to joinder because of potential liability.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICES OF JONATHAN WHEELER, P.C.

BY: _____

ANTHONY DIULIO, ESQUIRE
Attorney for Plaintiff(s)

UNITED STATES POSTAGE

PITNEY BOWES

$ 006.770

02 1P
0003166754
MAILED FROM ZIP CODE 19103

JUN 08 2017

CERTIFIED MAIL

7016 1970 0000 5211 8835

Law Offices of
Jonathan Wheeler, P.C.
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, Pennsylvania 19103

Fidelity and Guaranty
Insurance Underwriters, Inc.
One Tower Square
Hartford, CT 06183

EXHIBIT B



**CSC**

TV / ALL
**Transmittal Number: 16754820**
**Date Processed: 06/13/2017**

# Notice of Service of Process

| Primary Contact: | Pamela Beyer |
|---|---|
| | The Travelers Companies, Inc. |
| | 385 Washington Street, 9275-LC12L |
| | Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | Fidelity and Guaranty Insurance Underwriters, Inc. |
| | Entity ID Number  1920517 |
| **Entity Served:** | Fidelity and Guaranty Insurance Underwriters, Inc. |
| **Title of Action:** | Brenda Yanni vs. Fidelity and Guaranty Insurance Underwriters, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Camden County Superior Court, New Jersey |
| **Case/Reference No:** | L-2185-17 |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 06/12/2017 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | Fidelity on 06/12/2017 |
| **How Served:** | Client Direct |
| **Sender Information:** | Anthony DiUlio |
| | 856-874-1447 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT C

**RACHEL R. HAGER, ESQ. (031311994)**
**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**
67 East Park Place – Suite 901
Morristown, NJ 07960
Attorneys for Defendant,
Fidelity and Guaranty Insurance Underwriters, Inc.

| | |
|---|---|
| Brenda Yanni,<br><br>                              Plaintiff,<br><br>v.<br><br>FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.,<br><br>                              Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CAMDEN COUNTY<br>DOCKET NO.: L-2185-17<br><br>Civil Action<br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, JURY DEMAND, DEMAND FOR STATEMENT OF DAMAGES, DEMAND FOR DOCUMENTS, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION PURSUANT TO *RULE* 4:5-1** |

Defendant Fidelity and Guaranty Insurance Underwriters, Inc. (hereinafter referred to as "Fidelity"), through its undersigned attorneys, Finazzo Cossolini O'Leary Meola and Hager, LLC, by way of Answer to the Complaint states as follows:

## FIRST COUNT

1.      Admits the allegations contained in Paragraph 1 of the Complaint, except denies the noted place of business as pled.

2.      Denies the allegations contained in Paragraph 2 of the Complaint, except admits that Fidelity issued Policy No. 983268411 633 1 to Plaintiff with an inception date of August 15, 2014 and an expiration date of August 15, 2015 (the "Policy") and that the property located at 9 Banker Rd., Hewitt, New Jersey (the "Subject Property") is identified as an insured location

AUG 15 2017

1

under the Policy, subject to the Policy's terms, conditions, limitations and exclusions.  Fidelity refers the Court to the Policy, which is a written document that speaks for itself.

3.      Denies the allegations contained in Paragraph 3 of the Complaint.

4.      Denies the allegations as contained in Paragraph 4 of the Complaint.

5.      Denies the allegations contained in Paragraph 5 of the Complaint, except admits that Fidelity has not made any payments to Plaintiff in connection with her insurance claim.

6.      Denies the allegations contained in Paragraph 6 of the Complaint.

7.      Denies the allegations contained in Paragraph 7 of the Complaint.

## SECOND COUNT

1.      Fidelity repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 7 of the First Count of the Complaint as if set forth at length herein.

2.      Denies the allegations as contained in Paragraph 2 of the Second Count of the Complaint.

3.      Denies the allegations as contained in Paragraph 3 of the Second Count of the Complaint.

**WHEREFORE**, Defendant Fidelity and Guaranty Insurance Underwriters, Inc. demands judgment by this Honorable Court as follows:

(a)     Dismissing the Complaint against Fidelity with prejudice;

(b)     Awarding Fidelity its costs and disbursements; and

(c)     Granting Fidelity such other and further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Fidelity upon which relief can be granted.

2

## SECOND AFFIRMATIVE DEFENSE

1.      In this action, Plaintiff seeks to recover for certain claimed damages to the Subject Property that allegedly occurred on or about April 1, 2015.

2.      The Policy contained a "Homeowners 3 - Special Form", Form HO-3 (10-06), which provided in pertinent part as follows:

### SECTION I – PERILS INSURED AGAINST

### COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCUTURES

1.      We insure against risk of direct physical loss to property described in Coverages A and B.

2.      We do not insure, however, for loss:

   a.      Excluded under Section I – Exclusions:

\*\*\*

### SECTION I – EXCLUSIONS

\*\*\*

B.      We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded by any other provision in this policy is covered.

\*\*\*

3.      Faulty, inadequate or defective:

   a.      Planning, zoning, development surveying, siting;

   b.      Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

   c.      Materials used in repair, construction, renovation or remodeling; or

   d.      Maintenance;

3

of part or all of any property whether on or off the "residence premises".

## SECTION I – CONDITIONS

\*\*\*

**2.**     **Duties After Loss**. In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either.

\*\*\*

**d.**     Protect the property from further damage. If repairs to the property are required, you must:

(1) Make reasonable and necessary repairs to protect the property...

2.     Upon information and belief, the alleged loss or damage to the Subject Property for which Plaintiff is making a claim in this action was caused by faulty, inadequate, or defective maintenance, construction, repairs, renovation and/or workmanship after Plaintiff failed to protect the property from further damage following an incident of freezing pipes that occurred at the Subject Property on or about March 11, 2014. Accordingly, there is no coverage under the Policy for Plaintiff's claims in this action.

## THIRD AFFIRMATIVE DEFENSE

1.     In this action, Plaintiff seeks to recover for claimed damages to the Subject Property that allegedly occurred on or about April 1, 2015.

2.     The Policy contained a "Homeowners 3 – Special Form", Form HO-3 (10-06), which provided, in pertinent part, as follows:

## AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

4

## DEFINITIONS

In this policy, "you" and "your" refer to the named "insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the company providing this insurance.  In addition, certain words and phrases are defined as follows:

\*\*\*

8.      "Insured location" means:

    **a.**      The "residence premises";

    **b.**      The part of other premises, other structures and grounds used by you as a residence and:

        **(1)**      Which is shown in the Declarations; or

        **(2)**      Which is acquired by you during the policy period for your use as a residence;

\*\*\*

13.      "Residence premises" means:

    **a.**      The one family dwelling where you reside; or

    **b.**      The two, three or four family dwelling where you reside in at least one of the family units;

and which is shown as the "residence premises"
in the Declarations.

"Residence premises" also includes other structures and grounds at that location.

## SECTION 1 – PROPERTY COVERAGES

## COVERAGE A – DWELLING

1.      We cover:

  **a.**  The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and

  **b.**  Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence premises".

2.  Upon information and belief, at all relevant times, Plaintiff did not reside at the Subject Property and thus the Subject Property did not qualify as an "Residence Premises" as defined by the Policy. Accordingly, Plaintiff's claims in this action should be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

1.  In this action, Plaintiff seeks to recover for claimed damage to the Subject Property that allegedly occurred on or about April 1, 2015.

2.  The Policy contained a "Homeowners 3 - Special Form", Form HO-3 (10-06), which provided in pertinent part as follows:

### SECTION I – PERILS INSURED AGAINST

### COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCUTURES

**1.**  We insure against risk of direct physical loss to property described in Coverages A and B.

**2.**  We do not insure, however, for loss:

    \*\*\*

  **c.**  Caused by:

    **(1)**  Freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. This exclusion does not apply if you have used reasonable care to:

    **(a)**  Maintain heat in the building; or

      **(b)**    Shut off the water supply and drain all systems and appliances of water.

2.    Upon information and belief, the claimed damage to the Subject Property for which Plaintiff is making a claim in this action was caused by the freezing of the plumbing system and/or by the discharge, leakage or overflow from within the system caused by freezing.

3.    Upon information and belief, Plaintiff did not use reasonable care to maintain heat in the Subject Property and did not shut off the water supply and drain the plumbing system of water. Accordingly, there was no coverage under the Policy for Plaintiff's claims in this action.

### FIFTH AFFIRMATIVE DEFENSE

1.    The Policy contained a "Homeowners 3 – Special Form", Form HO-3 (10-06), which provided in pertinent part as follows:

### SECTION I – PERILS INSURED AGAINST

\*\*\*

### COVERAGE C – PERSONAL PROPERTY

We insure for direct physical loss to the property described in Coverage C caused by any of the following perils, unless the loss is excluded in Section 1 – Exclusions.

\*\*\*

**13.**    **Sudden And Accidental Tearing Apart, Cracking, Burning or Bulging.**

This peril means sudden and accidental tearing apart, cracking, burning or bulging of a steam or hot water heating system, an air conditioning or automatic fire protective sprinkler system, or an appliance for heating water.

We do not cover loss caused by or resulting from freezing under this peril.

**14.**    **Freezing.**

7

**a.**     This peril means freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance but only if you have used reasonable care to:

**(1)**     Maintain heat in the building; or

**(2)**     Shut off the water supply and drain all systems and appliances of water.

2.     Upon information and belief, to the extent that Plaintiff is making a claim in this action for loss of Personal Property, any such loss was caused by or resulted from the freezing of the plumbing system. Moreover, Plaintiff did not use reasonable care to maintain heat in the Subject Property or to shut off the water supply and drain the plumbing system of water. Accordingly, any alleged loss of Personal Property was not caused by any of the perils for which the "Coverage C – Personal Property" coverage of the Policy applied. Accordingly, there is no coverage under the Policy for any loss of Personal Property claims asserted by Plaintiff in this action.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

1.     In this action, Plaintiff seeks to recover for claimed damages to the Subject Property that allegedly occurred on or about April 1, 2015.

2.     The Policy contained a "Homeowners 3 – Special Form", Form HO-3 (10-06), which provided, in pertinent part, as follows:

**SECTION I – PERILS INSURED AGAINST**

**COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCUTURES**

**1.**     We insure against risk of direct physical loss to property described in Coverages A and B.

**2.**     We do not insure, however, for loss:

**a.**     Excluded under Section I – Exclusions:

8

***

## SECTION I – EXCLUSIONS

**A.**   We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.  These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

***

**5.**   **Neglect**, meaning neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

2.   Upon information and belief, the alleged loss or damage for which Plaintiff is making a claim in this action was caused by Plaintiff's neglect in failing to use all reasonable measures to save and preserve property at and after an incident of freezing pipes that occurred at the Subject Property on or about March 11, 2014. Accordingly, there is no coverage under the Policy for Plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

1.   Fidelity repeats and realleges the allegations contained in its prior Affirmative Defenses as if set forth at length herein.

2.   The Policy contained a "Homeowners 3 – Special Form", Form HO-3 (10-06), which provided, in pertinent part, as follows:

## COVERAGE D – LOSS OF USE

***

**1.**   **Additional Living Expenses.**  If a loss is covered under Section 1 makes that part of the "residence premises where you reside not fit to live in, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.  However, additional living expense due to "fungi" other microbes or rot remediation will not be paid in addition to any amounts paid or payable under

9

Additional coverage **16.** Limited "Fungi", Other Microbes or Rot Remediation.

Payment will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere.

3.　　To the extent that Plaintiff is making a claim in this action for Additional Living Expenses, there would be no coverage under the Policy for Plaintiff's claims because the alleged loss is not covered under Section I of the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

1.　　Fidelity repeats and realleges the allegations contained in its prior Affirmative Defenses as if set forth at length herein.

2.　　The Policy contained a "Homeowners – 3 Special Form", Form HO – 3 (10-06), which provided, in pertinent part, as follows:

**ADDITIONAL COVERAGES**

Unless otherwise stated:
The following coverages are additional insurance; and
They are subject to your deductible.

\*\*\*

**16.　Limited "Fungi", Other Microbes Or Rot Remediation.**

**a.**　　If a loss caused by a Peril Insured Against results in "fungi", other microbes or rot, we will pay for:

**(1)**　　Remediation of the "fungi", other microbes or rot. This includes payment for the reasonable and necessary costs to:

**(a)**　　Remove the "fungi", other microbes or rot from covered property or to repair, restore or replace that property; and

10

      **(b)**     Tear out and replace any part of the building as needed to gain access to the "fungi", other microbes or rot;

**(2)**    Any reasonable and necessary increase in living expense you incur:

      **(a)**     So that your household can maintain its normal standard of living; or

      **(b)**     Loss of fair rental value;

      if the "fungi", other microbes or rot makes the "residence premises" not fit to live in; and

**(3)**    Any reasonable and necessary testing or monitoring of air or property to confirm the absence, presence or level of the "fungi", other microbes or rot, whether performed prior to, during  or after removal, repair, restoration or replacement.

**b.**    We will pay under this additional coverage only if:

**(1)**    The covered loss occurs during the policy period;

**(2)**    All reasonable means were used to save and preserve the property at the time of and after the covered loss; and

**(3)**    We receive prompt notice of the covered cause of loss that is alleged to have resulted in "fungi", other microbes or rot.

**c.**    The most we will pay under this additional coverage is the limit of liability shown in the Declarations for Limited "Fungi" Other Microbes Or rot Remediation.  This is the most we will pay for the total of all loss or costs regardless of the:

**(1)**    The number of locations or items of property insured under this policy; or

**(2)**    Number of losses or claims made.

**d.**    The coverage does not increase the Limit of Liability that applies to the damaged property.

11

3.     To the extent that Plaintiff is making a claim in this action for coverage for "Fungi", Other Microbes Or Rot", there would be no coverage under the Policy for Plaintiff's claims because the claimed loss was not caused by a Peril Insured Against that resulted in "Fungi", Other Microbes or Rot.  Further, there would be no coverage available for any such claims unless a covered loss occurred during the policy period, all reasonable means were used to save and preserve the property at the time of and after the covered loss and prompt notice was received of the covered cause of loss that is alleged to have resulted in the "Fungi", Other Microbes or Rot.  In addition, the most that Fidelity would pay under this Additional Coverage is $10,000, the Limit of Liability shown in the Declarations for "Limited 'Fungi', Other Microbes or Rot Remediation".

### NINTH AFFIRMATIVE DEFENSE

Fidelity has not breached any contractual, common law or statutory duty that may be owed to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished to the extent that any of the claims in the Complaint were the result of Plaintiff's failure to exercise reasonable care and diligence to mitigate or avoid the alleged damages.

### TWELVETH AFFIRMATIVE DEFENSE

The Complaint does not describe Plaintiff's claims with sufficient particularity to allow Fidelity to determine such other defenses that it may have in response to Plaintiff's claims and/or causes of action.  Fidelity therefore reserves the right to assert any and all defenses (policy-based

or otherwise) which may be pertinent to Plaintiff's claims once the professed nature of the claims are ascertained.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims may be barred to the extent they are subject to the doctrines of laches, waiver, estoppel, or limitations from the prior action filed by Plaintiff against Fidelity.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the damages alleged to have been sustained by Plaintiff were caused in whole or in part by the conduct of persons or entities other than Fidelity, Plaintiff's claims would be barred or diminished in the proportion that such culpable conduct of other persons or entities bear to the total culpable conduct causing damages over which Fidelity exercised no control, or right of control.

## FIFTHEENTH AFFIRMATIVE DEFENSE

Any coverage afforded under the Policy is subject to the terms, conditions, limitations and exclusions of the Policy, including any and all deductibles, retained limits, retentions, self-insured retentions, Limits of Insurance, co-insurance and "other insurance" provisions as stated in the Policy.

## SIXTHEENTH AFFIRMATIVE DEFENSE

Fidelity hereby reserves all of its rights and defenses under the Policy and further reserves its right to amend this Answer or supplement its Affirmative Defenses in accordance with any additional information developed during or in the course of discovery.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the selection of an improper venue.

**WHEREFORE**, Defendant Fidelity and Guaranty Insurance Underwriters, Inc. demands judgment by this Honorable Court as follows:

       (a)     Dismissing the Complaint against Fidelity with prejudice;

       (b)     Awarding Fidelity its costs and disbursements; and

       (c)     Granting Fidelity such other and further relief as this Court deems just and proper.

Dated: August 14, 2017

                      **FINAZZO COSSOLINI O'LEARY**
                      **MEOLA & HAGER, LLC**
                      67 East Park Place – Suite 901
                      Morristown, New Jersey 07960
                      (973) 343-4960
                      Attorneys for Defendant,
                      Fidelity and Guaranty Insurance Underwriters, Inc.

                   By:  _____
                        RACHEL R. HAGER, ESQ.
                        ROBERT J. PANSULLA, ESQ.

### JURY DEMAND

Defendant Fidelity and Guaranty Insurance Underwriters, Inc. hereby demands trial by jury as to all issues so triable pursuant to *R.* 4:35-1(a).

Dated:  August 14, 2017

                      **FINAZZO COSSOLINI O'LEARY**
                      **MEOLA & HAGER, LLC**
                      67 East Park Place – Suite 901
                      Morristown, New Jersey 07960
                      (973) 343-4960
                      Attorneys for Defendant,
                      Fidelity and Guaranty Insurance Underwriters, Inc.

                   By:  _____
                        RACHEL R. HAGER, ESQ.
                        ROBERT J. PANSULLA, ESQ.

## DEMAND FOR STATEMENT OF DAMAGES PURSUANT TO *RULE* 4:5-2

Defendant Fidelity and Guaranty Insurance Underwriters, Inc. hereby demands within five days after service hereof, that Plaintiff provide a written statement of the amount of damages claimed pursuant to *R.* 4:5-2.

Dated:  August 14, 2017

**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**
67 East Park Place – Suite 901
Morristown, New Jersey 07960
(973) 343-4960
Attorneys for Defendant,
Fidelity and Guaranty Insurance Underwriters, Inc.

By: _____
    RACHEL R. HAGER, ESQ.
    ROBERT J. PANSULLA, ESQ.


## DEMAND FOR DOCUMENTS

Defendant Fidelity and Guaranty Insurance Underwriters, Inc. requests that Plaintiff provide a copy of all documents referred to in the Complaint within five days after service hereof, pursuant to *R.* 4:18-2.

Dated:  August 14, 2017

**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**
67 East Park Place – Suite 901
Morristown, New Jersey 07960
(973) 343-4960
Attorneys for Defendant,
Fidelity and Guaranty Insurance Underwriters, Inc.

By: _____
    RACHEL R. HAGER, ESQ.
    ROBERT J. PANSULLA, ESQ.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to *R.* 4:25-4, Rachel R. Hager is hereby designated as trial counsel for

Defendant Fidelity and Guaranty Insurance Underwriters, Inc.

Dated:  August 14, 2017

**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**
67 East Park Place – Suite 901
Morristown, New Jersey 07960
(973) 343-4960
Attorneys for Defendant,
Fidelity and Guaranty Insurance Underwriters, Inc.

By: _____
      RACHEL R. HAGER, ESQ.
      ROBERT J. PANSULLA, ESQ.

## CERTIFICATION PURSUANT TO *RULE* 4:5-1

The undersigned hereby certifies that:

1.      To the best of my knowledge, information and belief, the within matter is not the subject of any other action or pending arbitration.

2.      No other action or arbitration proceeding is contemplated by Defendant Fidelity and Guaranty Insurance Underwriters, Inc.

3.      There are no other additional parties known to the undersigned at this time who should be joined in this action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  August 14, 2017

**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**
67 East Park Place – Suite 901
Morristown, New Jersey 07960
(973) 343-4960
Attorneys for Defendant,
Fidelity and Guaranty Insurance Underwriters, Inc.

By: _____
        RACHEL R. HAGER, ESQ.
        ROBERT J. PANSULLA, ESQ.

EXHIBIT D

**ROBERT J. PANSULLA (ID#002231991)**
**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**
67 East Park Place – Suite 901
Morristown, NJ 07960
Attorneys for Defendant,
Fidelity and Guaranty Insurance Underwriters, Inc.



| | |
|---|---|
| Brenda Yanni,<br><br>               Plaintiff,<br><br>v.<br><br>FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.,<br><br>               Defendant. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: CAMDEN COUNTY**<br>**DOCKET NO.:  L-2185-17**<br><br>**Civil Action**<br><br>**NOTICE OF MOTION TO CHANGE**<br>**VENUE** |

TO:   **JONATHAN WHEELER, ESQ.**
       **Law Offices of Jonathan Wheeler, P.C.**
       **One Penn Center – Suite 1270**
       **1617 JFK Boulevard**
       **Philadelphia, Pennsylvania 19103**

     **PLEASE TAKE NOTICE** that the undersigned attorneys for Defendant Fidelity and

Guaranty Insurance Underwriters, Inc. (hereinafter referred to as "Fidelity"), will move before

the Superior Court of New Jersey, Law Division, Camden County, on Friday, September 15,

2017 at 9:00 a.m., or as soon thereafter as counsel may be heard, for an Order changing the

venue of the within matter from Camden County to Passaic County Superior Court, Law

Division;

     **PLEASE TAKE FURTHER NOTICE** that in support of this Motion, the undersigned

shall rely upon the Certification of Robert J. Pansulla, Esq., with exhibits, and brief in support;

     **PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted

herewith;

**PLEASE TAKE FURTHER NOTICE** that no dates have been scheduled for an arbitration, calendar call, pre-trial conference, or trial; and

**PLEASE TAKE FURTHER NOTICE**, that oral argument is not requested unless opposition is filed.

Dated:  August 22, 2017

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By:_____
ROBERT J. PANSULLA, ESQ.
67 East Park Place - Suite 901
Morristown, New Jersey 07960
973-343-4960
Attorneys for Defendant, Fidelity and
Guaranty Insurance Underwriters, Inc.

2

## CERTIFICATION OF SERVICE

I hereby certify that on August 22, 2017, I caused to be served an original and two (2) copies of the within Notice of Motion to Change Venue from Camden County to Passaic County Superior Court, Law Division, Certification of Robert J. Pansulla, Esq. with exhibits, supporting brief, a proposed form of Order through this Certificate of Service upon the Clerk of the Superior Court, Camden County, Camden, New Jersey, via Lawyers' Service, and a copy of same upon Jonathan Wheeler, Esq., Law Offices of Jonathan Wheeler, P.C., One Penn Center, Suite 1270, 1617 JFK Boulevard, Philadelphia, Pennsylvania 19103, Attorneys for Plaintiff, via e-mail to jwheeler@jwheelerlaw.com and regular mail.

Judy Iedema, Legal Assistant

3

EXHIBIT E

**TRUE COPY**
**SUPERIOR COURT OF NEW JERSEY**

**ROBERT J. PANSULLA (ID#002231991)**
**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**
67 East Park Place – Suite 901
Morristown, NJ 07960
Attorneys for Defendant,
Fidelity and Guaranty Insurance Underwriters, Inc.

F I L E D
SEP 1 5 2017

Brenda Yanni,

            Plaintiff,

v.

FIDELITY AND GUARANTY INSURANCE
UNDERWRITERS, INC.,

            Defendant.

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION: CAMDEN COUNTY**
**DOCKET NO.: L-2185-17**

**Civil Action**

**ORDER GRANTING MOTION TO**
**CHANGE VENUE**

**THIS MATTER** having been opened to the Court on the Motion of Finazzo Cossolini O'Leary Meola & Hager, LLC, counsel for Defendant, Fidelity and Guaranty Insurance Underwriters, Inc. (hereinafter referred to as "Fidelity"), for an Order changing the venue of the within matter from the Superior Court, Law Division, Camden County to the Superior Court, Law Division, Passaic County; and the Court having considered the moving papers and any opposition submitted herein; and for good cause having been shown:

It is on this 15th day of September, 2017:

**ORDERED**, that Fidelity's motion to change venue is hereby GRANTED; and it is further

**ORDERED**, that the within action is hereby transferred to the Superior Court, Law Division, Passaic County; and it is further

1

ORDERED, that a copy of the within Order shall be served by counsel for Fidelity upon all parties within _____ days of the date hereof.

*Deborah Silverman*

**Deborah Silverman Katz, A.J.S.C.**

[X] Opposed
[ ] Unopposed

**"Reasons Set Forth on Record"**
*9/14/2017*

2

EXHIBIT F

**LAW OFFICES OF JONATHAN WHEELER, P.C.**
By: Anthony DiUlio                                    Attorney for Plaintiff(s)
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
Phone: 856-874-1447
E-mail: adiulio@jwheelerlaw.com

_____

BRENDA YANNI                          | SUPERIOR COURT OF NEW JERSEY
9 Banker Road                         | LAW DIVISION
Hewitt, New Jersey 07421-3829         |

       vs.                          | CAMDEN COUNTY

FIDELITY AND GUARANTY                 |
INSURANCE UNDERWRITERS, INC.          | DOCKET NO.: CAM-L-002185-17
P.O. Box  59059                       |
Knoxville, TN 37950-9059              |
                                      | **STATEMENT OF DAMAGES**

1. Estimate of Chris Powers of Metro Public Adjusters      -      $$283,953.58*


                    LAW OFFICES OF JONATHAN WHEELER, P.C.


                  BY: _/s/ Anthony DiUlio_____
                      ANTHONY DIULIO, ESQUIRE
                      Attorney for Plaintiff(s)


*Please note that Plaintiff reserves the right to increase or decrease this amount as discovery is ongoing and new fact may become available

## Robert Pansulla

| | |
|---|---|
| **From:** | Anthony DiUlio <adiulio@jwheelerlaw.com> |
| **Sent:** | Wednesday, August 23, 2017 10:39 AM |
| **To:** | Robert Pansulla |
| **Subject:** | Re: Yanni |
| **Attachments:** | Statement of Damages.pdf |

Please see attached.

Tony DiUlio

On Wed, Aug 23, 2017 at 10:14 AM, Robert Pansulla <robert.pansulla@finazzolaw.com> wrote:

Yes please provide a formal response.

**From:** Anthony DiUlio [mailto:adiulio@jwheelerlaw.com]
**Sent:** Wednesday, August 23, 2017 10:07 AM

**To:** Robert Pansulla <robert.pansulla@finazzolaw.com>
**Subject:** Re: Yanni

Thank you Rob.

Currently, the demand for damages is $283,953.58. This number is based on the estimate of Chris Powers from Metro Public Adjusters.

Please note that Plaintiff reserves the right to increase or decrease this amount as discovery is ongoing and new fact may become available. If you would like a more formal writing as a response, please let me know and I will provide it.

Tony DiUlio

On Wed, Aug 23, 2017 at 9:53 AM, Robert Pansulla <robert.pansulla@finazzolaw.com> wrote:

Copy of our Answer as filed is attached.

1